# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| ALLEGIS INVESTMENT SERVICES, LLC, ALLEGIS INVESTMENT ADVISORS, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> ARTHUR J. GALLAGHER & CO; INDIAN HARBOR INSURANCE COMPANY; XL GROUP LTD.; XL CATLIN; XL INSURANCE AMERICA, INC.; XL REINSURANCE AMERICA, INC.; XL SPECIALTY INSURANCE COMPANY; XL AMERICA INC.; and PAIGE NABAVIAN, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:17CV515DAK <br><br> Judge Dale A. Kimball |

This matter is before the court on Defendants Indian Harbor Insurance Company, XL Group Ltd., XL Catlin, XL Insurance America, Inc., XL Reinsurance America, Inc., XL Specialty Insurance Company, and XL America Inc.'s ("XL Defendants") Motion to Dismiss or, Alternatively, to Transfer Venue [Docket No. 27]; Certain Underwriters at Lloyd's, London's Rule 83-2(g) Motion to Transfer [Docket No. 47]; and XL Defendants' Motion to Consolidate [Docket No. 51]. On November 29, 2017, the court held a hearing on the motions. At the hearing, Plaintiffs were represented by Mary Anne Q. Wood and Jared M. Asbury, the XL Defendants were represented by Thomas J. Judge and David S. Bridge, Certain Underwriters at Lloyd's, London were represented by Steven A. Revelli and Robert A. Benjamin, and Arthur J.

Gallagher & Co and Paige Nabavian were represented by Mark W. Pugsley. After hearing argument, the court took the motions under advisement. After carefully considering the parties' memoranda and the law and facts relevant to the pending motions, the court issues the following Memorandum Decision and Order.

**BACKGROUND**

Defendant Indian Harbor issued a Professional Liability Insurance for Securities Broker-Dealers and Investment Advisors Policy ("Policy") to Allegis for the claims-made period from March 3, 2015 to March 3, 2016. The Policy was a renewal of a policy issued the preceding year. In late August 2015, Allegis investors brought claims against Allegis after suffering losses on options trading. Allegis then sought coverage under the Policy for those investor claims. After conducting an investigation, Indian Harbor denied coverage for the investor claims, relying on an exclusion in the Policy for claims arising out of the sale of "any type of option contract or derivative." Allegis then filed this action.

Allegis' original Complaint named XL Insurance America, Inc., Arthur J. Gallagher & Co. (AJG") and Paige Nabavian as defendants. XL Insurance America's counsel notified Allegis that the proper party was Indian Harbor because the Policy was with Indian Harbor. Allegis amended its Complaint to add Indian Harbor and also added five other XL entities.

The Second Amended Complaint refers to Indian Harbor and all of the XL Defendants individually and jointly as "XL." Indian Harbor Insurance Company is a U.S. non-admitted insurance company, organized under Delaware law with its principal place of business in Connecticut. XL Group Ltd. is the ultimate parent company of the XL group of companies, organized under the laws of Bermuda, is not an insurance company, and does not conduct business in the United States. XL Catlin is a brand name not a legal entity. XL America, Inc. is

a U.S. holding company, organized under Delaware law and with its principal place of business in Connecticut. XL America, Inc. does not write or issue insurance policies or administer claims under insurance polices issued by other XL entities. XL Reinsurance America, Inc. is a U.S. reinsurance company, organized under New York law and with its principal place of business in Connecticut. XL Reinsurance is licensed to write reinsurance in all fifty states and the District of Columbia. XL Reinsurance does not write or issue policies for Indian Harbor nor does it administer claims under Indian Harbor policies. XL Insurance America, Inc. is a U.S. admitted insurance company, organized under Delaware law and with its principal place of business in Connecticut. XL Insurance America does not write or issue insurance policies for Indian Harbor, nor does it administer claims under Indian Harbor policies. XL Specialty Insurance Company is a U.S. admitted insurance company, organized under Delaware law and with its principal place of business in Connecticut. XL Specialty does not write or issue insurance policies for Indian Harbor, nor does it administer claims under Indian Harbor policies.

The Policy expressly identifies Indian Harbor as the insurance company issuing the Policy. The "In Witness" clause immediately following the policy language is expressly signed on behalf of "Indian Harbor Insurance Company." No other XL Defendant is identified as the insurance company or administrator of the Policy under the terms of the Policy. Indian Harbor is part of the XL Insurance Group. Allegis points out that the layout of the pages puts an XL Insurance header on several pages and an XL America, Inc. footer on several pages, identifying that entity as owning the copyright for the page.

Allegis alleges that XL wrongfully denied coverage for investor claims based on an options trading exclusion. The Policy states that the insurance does not apply to any claim or defense expenses "[a]rising out of the actual or alleged purchase, sale, attempted sale, solicitation

or servicing of any . . . [c]ommodities, any type of futures contracts, any type of option contract or derivative."

## DISCUSSION

### Defendants' Motion to Dismiss

Defendants argue that the court does not have personal jurisdiction over the non-insurer XL Defendants, the claims against the non-insurer entities related to the insurance contract fail to state a claim upon which relief can be granted, and the court should transfer the action to the District of Connecticut if the court does not dismiss the action.

### 1. Personal Jurisdiction

Allegis has the burden of establishing personal jurisdiction over Defendants in the State of Utah. Because Utah's long-arm statute extends personal jurisdiction to the maximum extent allowed by due process, Allegis must meet the federal due process standards for general and specific personal jurisdiction.

Allegis admits there is no general personal jurisdiction over Defendants. In determining whether this court has specific personal jurisdiction over Defendants, the court must consider whether: (1) Defendants purposefully directed their activities at the forum; (2) Allegis' claims arise out of or are related to those activities; and (3) the assertion of personal jurisdiction over Defendant is reasonable and fair. *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1160 (10th Cir. 2010).

Allegis' bare allegations that the six non-insurer XL Defendants, either individually or jointly, were involved with the underwriting, insurance, or review of investor claims are rebutted by the XL Defendants' affidavit. This action does not arise out of activities directed at Utah by the non-insurer XL Defendants because they did not issue the Indian Harbor Policy, are not the

insurers of that Policy, and do not administer that Policy. Indian Harbor is the issuer of and insurer under the Policy. This action does not can cannot arise out of activities allegedly directed at Utah by the non-insurer XL Defendants.

Although the XL Defendants claim that Indian Harbor is the only responsible party, Allegis argues that discovery is necessary before any party is dismissed. Allegis claims that there is confusion created by XL's documents and declaration. There is an endorsement to the policy that references X.L. America Inc., and there is correspondence relating to the claims and denial of coverage that have other companies names on them. Allegis claims, therefore, that there are factual questions about the involvement of the XL Defendants in the application process for the Policy, the handling of the claims at issue under the Policy, and the ultimate denial of claims under the Policy.

However, for Allegis to meet its burden of demonstrating specific personal jurisdiction, it must show that the non-insurer XL Defendants purposefully directed their activities at Utah residents and that Allegis' purported injuries arose from those purposefully directed activities. Defendants have submitted a Declaration stating that none of the non-insurer XL Defendants were involved with the underwriting and issuance of the Policy or the response to the investor claims. None of the documents Allegis relies upon cast doubt on that declaration.

Allegis cites to insurance policies with territory-of-coverage clauses and duty to defend clauses that courts have found established jurisdiction, but those cases are inapposite because they involve the actual insurer. Here, Allegis is trying to assert claims against entities who did not issue the insurance policy.

Courts have readily recognized that references to trade names, copyright holders, or other entities on or in conjunction with the policy forms will not be taken out of context to create

5

ambiguity where there is none.  The Notice to Policyholders form setting forth the privacy policy

of "The XL America Inc. insurance group (the "Companies")" does not create confusion as to the

insurer of the Indian Harbor Policy.

In *Richie v. Federal Insurance Co.*, No. 16-CV-536-JHP-PJC, 2017 WL 1843710 (N.D.

Okla. May 8, 2017), the court found "the cited correspondence cannot overcome the plain and

unambiguous language of the subject policy." *Id.* at *2.  In *SUS, Inc. v. St. Paul Travelers

Group*, 905 N.Y.S.2d 321 (N.Y. App. Div. 2010), the court dismissed the insureds' claims

against five Travelers entities because "the policy's clear and unambiguous language provides

that only Charter Oak, and none of the other Travelers defendants, issued the policy." *Id.* at 324.

The court noted: "[t]hat the word 'Travelers" and its logo appear at the top of the declarations

page and certain portions of the policy are copyrighted by one of the travelers defendants does

not serve to create an ambiguity where no other exists." *Id.*

Allegis states that claims were to be reported to XL Professional Insurance, but XL

Professional Insurance is a trade name, not an entity.  And, most importantly, Allegis did not

name XL Professional Insurance as one of the non-insurer XL Defendants.  Allegis also cites to

correspondence from Erin McGinn, the claims attorney responsible for handling the investor

claims.  Allegis notes that McGinn is Vice President, Claims and her letterhead references XL

Catlin at the top and in the footer names six insurance companies.  None of this demonstrates

that an XL Defendant denied the investor claims.  McGinn's letter advised in the opening

paragraph that the letter was sent "on behalf of Indian Harbor Insurance Company."

The documentation Allegis attempts to rely on does not demonstrate any involvement

whatsoever by the non-insurer XL Defendants with the investor claims and cannot overcome the

facts set forth in the declaration.  Moreover, none of the documentation demonstrates any

purposeful availment directed at Utah. Accordingly, the court concludes there is no personal

jurisdiction over the XL Defendants in Utah.

## 2. 12(b)(6)

Moreover, even if this court were to exercise jurisdiction over the XL Defendants, the

claims asserted against them fail as a matter of law. Allegis' breach of contract (Count 1), breach

of the implied covenant of good faith and fair dealing (Count 3), bad faith denial of claim (Count

7), failure to properly investigate the claim (Count 8), estoppel (Count 9), declaratory relief

(Count 10), specific performance (Count 11), and punitive damages (Count 12) claims are not

plausible on their face against the non-insurer XL Defendants. Allegis attempts to obscure the

actions of the individual XL Defendants by collectively referring to all the XL Defendants and

Indian Harbor as XL. The collective reference, however, does not overcome the fact that Indian

Harbor issued and insures the Policy. The contractual relationship between Allegis and the issuer

and insurer of the Policy is central to Allegis' breach of contract and bad faith causes of action.

Utah courts have recognized that these counts require the existence of a contract between the

parties. *GeoMetWatch Corp. v. Hall*, No. 1:14cv60JNP, 2017 WL 1136946, at *6-7 (D. Utah

Mar. 27, 2017). Because Indian Harbor was the insurer and insurer of the Policy and no

relationship exists between Allegis and the non-insurer XL Defendants, counts 1, 3, 7, and 8 fail

as a matter of law.

Similarly, Allegis' estoppel claim seeks to estop "XL" from claiming there is no coverage

under the Policy based on misrepresentations as to the scope of coverage and the handling of the

claim. This cause of action is not viable against the XL Defendants because they have no rights

or obligations under the Policy. The declaratory relief and specific performance claims also

require the existence of a contractual relationship to be viable. *See, e.g., Tooele Assocs. Ltd. V.*

*Tooele City*, 251 P.3d 835, 835 (Utah Ct. App. 2011) ("When a party seeks an order of specific performance, the contract must clearly impose the duty sought to be enforced."). In both counts, Allegis alleges the existence of the Policy that "XL" has failed to undertake its duties as contractually required under the Policy, and seeks an order declaring/requiring that the Policy cover the investor claims. Because the non-insurer XL Defendants are not the insurer of the Policy and owe no contractual duties to Allegis, the declaratory relief and specific performance claims must be dismissed for failure to state a claim.

Finally, Count 12 asserts a claim for punitive damages. However, "a party does not have a cause of action for punitive damages. Instead, a party's right to seek punitive damages is inextricably linked to an underlying cause of action." *Braun v. Medtronic Sofamo Danek, Inc.*, 30 F. Supp. 3d 1260, 1264 (D. Utah 2014). Punitive damages are a remedy not a stand alone cause of action.

There is no confusion as to the insurer of the Policy. The Policy's Declarations page specifically identifies Indian Harbor Insurance Company as the insurance company issuing the Policy. Between the language of the Policy and the declaration provided by Defendants, Defendants have established that Indian Harbor issued the Policy, is the insurer under the Policy, and denied Allegis' claim under the Policy. With that established, the claims against the non-insurer XL Defendants necessarily fail because the required contractual relationship between the parties' does not exist.

Furthermore, the documents outside the Policy only undercut Allegis' contention. The proposal of insurance submitted by Allegis' broker, AJG, specifically identifies Indian Harbor as the insurer. The letter denying coverage was also written on behalf of Indian Harbor.

Because the court concludes that there is no personal jurisdiction over the XL Defendants

and even if there was, Allegis' claims against the XL Defendants fail as a matter of law, the court

need not address the XL Defendants arguments regarding Rule 9(b) and venue.   Accordingly, the

court grants the XL Defendants' motion to dismiss without prejudice.

### Lloyd's Rule 83-2(g) Motion to Transfer

Certain Underwriters at Lloyd's, London (collectively "Lloyd's") is the defendant in a

case Allegis has in front of Judge Parrish.  Lloyd's asks the court to transfer the case assigned to

Judge Parrish to the undersigned judge.  The case before Judge Parrish alleges that Lloyd's

wrongfully denied coverage of an investor claim brought in Colorado.  The Colorado action was

tendered to Lloyd's for coverage under a policy Allegis bought from Lloyd's after the policy it

had with Indian Harbor expired.  In pursuing the new policy with Lloyd's, Allegis disclosed the

prior claims that had been made against it and tendered to Indian Harbor.

Lloyd's argues that the primary practical reason to request a transfer is to enable one

judge to coordinate the two actions by Allegis.  The cases involve slightly different parties and

different policies from different insurance companies but the key provisions are almost identical.

Allegis faces a variety of regulatory investigations, litigations, and other claims arising out of a

specific options trading strategy that resulted in material financial losses to Allegis' clients.  The

investment strategy is common to both insurance coverage actions.

Under DUCivR 83-2(g), "Whenever two or more related cases are pending before

different judges of this court, any party to the later-filed case may file a motion and proposed

order to transfer the case to the judge with the lower-numbered case."  In determining whether to

transfer the case, the court may consider the following factors: (1) whether the cases arise from

the same or a closely related transaction or event; (2) whether the cases involve substantially the

same parties or property; (3) whether the cases involve the same patent, trademark, or copyright;

(4) whether the cases call for a determination of the same or substantially related questions of law and fact; (5) whether the cases would entail substantial duplication of labor or unnecessary court costs or delay if hear by different judges; (6) whether there is risk of inconsistent verdicts or outcomes; and (7) whether the motion has been brought for an improper purpose.

Lloyd's argues that the court should transfer Lloyd's coverage action and coordinate the two cases because both cases arise out of the insurance companies' denial of coverage under their respective insurance policies for alleged losses incurred through Allegis' option strategy. Allegis is one of the plaintiffs in both cases, and, while the defendants in each case are distinct, independent parties, both are insurers that issued nearly identical insurance policies.

However, the purpose for allowing a transfer is to foster efficiencies and to avoid potential inconsistencies. Even if transferred, the cases will remain separate cases with their own dockets and scheduling orders. The efficiencies and potential inconsistencies identified in Lloyd's motion are dubious. They rely on a very narrow and superficial reading of the claims and their similarities. They also assume that the transfer will result in some level of consolidation, which is not the case.

The few similar facts, the nature of the trading strategy, and the Black Swan Event are undisputed and known. However, these will not be determinative in the outcome of these cases. A careful review of the claims, parties, and underlying facts demonstrate that there are no efficiencies to be had or any risk of inconsistencies. The facts leading up to the writing and binding of the policies, the intent of the parties, and any potential breach of duty by the defendants or their agents have no overlap. Each case arises from an insurer's denial of coverage but the similarities stop there.

Allegis claims that liability will turn on the intent of the parties to the particular policy. In

10

applying for the Indian Harbor policy in this case, Allegis identified that twenty-five percent of its business was option trading. In negotiating and applying for retroactive coverage from Lloyd's, Allegis identified the option strategy formerly employed and the prior cases, including those for which Indian Harbor is now denying coverage.

While there may be some similar witnesses between the cases, that could be said of any case involving one overlapping party. In this case, Allegis is the only plaintiff. In the Lloyd's action, Allegis is one of three plaintiffs. There is no overlap among the defendants. The defendants are different, the defendants' employees and agents are different.

Moreover, the relevant and disputed questions of law are unrelated. The claims on which coverage was requested are different. The presence of different law, claims, and parties results in the different application of policies and interpretations of law. In the Lloyd's case, Lloyd's has filed a 24-page counterclaim. Lloyd's several counterclaims are unique to Lloyd's case. In this case, Defendants have not filed a counterclaim. Moreover, the applicable state law is potentially different. Lloyd's maintains that its policy should be interpreted under Idaho law. In this case, the applicable law is Utah law.

There is little risk of inconsistent outcomes because there are no identical issues in the cases. All claims are based on separate policies and the different facts that led to the purchase of those separate policies. Even where the policy language may be similar, or even identical, the results can properly be completely different without being inconsistent. The outcome of the cases will turn on the intent of the parties.

Even if the motion were granted, the cases will remain separate cases with separate dockets and scheduling orders. There is little potential savings of judicial time and resources. Each case will have its own motions and discovery. Coordinating with defendants in each

separate case will be complicated enough without adding counsel for other parties. For these reasons, the court declines to transfer the case currently assigned to Judge Parrish. Accordingly, Lloyd's Motion to Transfer is denied.

## Defendants' Motion to Consolidate

Defendants asks the court to consolidate the case against Lloyd's that is assigned to Judge Parrsih into this action for at least discovery and all pretrial matters. Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

For the reasons set forth above, the court concludes that consolidation is inappropriate here because the coverage actions have an insignificant overlap of parties and disputed issues. While Defendants in both cases will want to depose Allegis management, there is no overlap among the many defendants. Defendants argue that the heart of each case is the net credit spread options trading strategy and the losses sustained from that strategy, but the strategy and losses are undisputed. The disputed issues are insurance coverage for such losses and the insurance coverage issues could differ significantly. Both cases arise out of insurers denying coverage for that strategy under exclusion with the same language, but they were acquired at different times and under different circumstances.

The court does not find that consolidation would be more efficient for both the court or the parties, nor is there is likelihood of inconsistent results. The two actions do not share common parties. Of the thirteen parties in these cases, Allegis is the only party common to both cases. Also, the Lloyd's action involves counterclaims not at issue in this case. The claims and defenses are not identical. The facts involved in the misrepresentation and bad faith claims are

completely different. Also, each case involves different witnesses and will have substantially different discovery. Consolidation is not appropriate simply because the action includes a common question of fact or law. Cases can involve some common issues but when the individual issues predominate, consolidation should be denied.

In *Hamlet Homes Corp.*, 2013 WL 126267 (D. Utah Jan. 9, 2013), this court determined that consolidation was inappropriate in a situation where two cases shared one insurance policy. "Each insurance coverage action must be evaluated in light of the allegations in the separate complaints to determine the duty to defend and the ultimate adjudicated facts to determine the duty to indemnify. In making each of these determinations, individual issues would predominate over any common issues of law or fact. Therefore, the cases do not have the requisite common issues of law and fact in order to be consolidated. Moreover, distinguishing between the case-specific facts has a potential for jury confusion. Any slight benefit to judicial economy is outweighed by potential for prejudice." *Id.* at *2.

In this case, the court concludes that consolidation would be inappropriate because the common issues and facts will not predominate. Because of this, pretrial consolidation would not be any more efficient to the court. However, nothing in this ruling precludes the parties from voluntarily coordinating certain depositions. Accordingly, Defendants' motion to consolidate is denied.

## CONCLUSION

Based on the above reasoning, XL Defendants' Motion to Dismiss or, Alternatively, to Transfer Venue [Docket No. 27] is GRANTED; Certain Underwriters at Lloyd's, London's Rule 83-2(g) Motion to Transfer [Docket No. 47] is DENIED; and XL Defendants' Motion to Consolidate [Docket No. 51] is DENIED.

DATED this 19th day of December, 2017.

BY THE COURT:

_____

DALE A. KIMBALL,
United States District Judge