# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| ALLEGIS INVESTMENT SERVICES, LLC, ALLEGIS INVESTMENT ADVISORS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>ARTHUR J. GALLAGHER & CO; INDIAN HARBOR INSURANCE COMPANY; and PAIGE NABAVIAN,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:17CV515DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Indian Harbor Insurance Company's Motion for Clarification [Docket No. 64] of this court's December 19, 2017 Memorandum Decision and Order with respect to whether Counts 6 and 9 asserted against Indian Harbor Insurance Company meet Federal Rule of Civil Procedure 9(b)'s particularity standards. The motion is fully briefed and the court does not believe a hearing would aid in its decision of the motion.

The Tenth Circuit has explained that a plaintiff must "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Jensen v. America's Wholesale Lender*, 425 Fed. Appx. 761, 763 (10th Cir. 2011). "One of the primary reasons for Rule 9(b) and the characteristic that sets fraud claims apart from any other causes of action is that accusations of moral turpitude should not be lightly made. This consideration is especially relevant where, as here, plaintiff broadly accuses a number of defendants of intentional wrongdoing." *Lochhead v. Alacano*, 662 F. Supp. 230, 234

(D. Utah 1987). Rule 9(b), however, does not require "particularity to the degree so as to supplant general discovery methods." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1254 (10th Cir. 1997). And, while fraud must be pleaded with particularity, the rule specifically states that knowledge and intent may be pleaded generally. Fed. R. Civ. P. 9(b).

With the XL Defendants dismissed from the action and viewing all of the allegations incorporated into Plaintiffs' Counts 6 and 9, the court concludes that these Counts against Indian Harbor meet Rule 9(b)'s particularity standards. The Complaint sufficiently alleges the speaker, the recipient, and the communications that Plaintiff relies upon to state the claims. The Complaint need not supplant discovery on the claims or specifically plead knowledge or intent. Accordingly, Indian Harbor's Motion for Clarification is GRANTED to the extent that Indian Harbor sought clarification and DENIED to the extent that Indian Harbor sought reconsideration and dismissal of Counts 6 and 9.

DATED this 17th day of January, 2018.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge