IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| ALLEGIS INVESTMENT SERVICES, LLC; ALLEGIS INVESTMENT ADVISORS, LLC, Plaintiffs, v. ARTHUR J. GALLAGHER & CO., et al., Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO QUASH AND SETTING SCHEDULE FOR PENDING DISPOSITIVE MOTION(S) Case No. 2:17-cv-515 District Judge Dale A. Kimball Magistrate Judge Brooke Wells |
|---|---|

Pursuant to Federal Rules of Civil Procedure 26 and 45, Plaintiffs Allegis Investment Services, LLC and Allegis Investment Advisors, LLC (collectively Allegis) moves the Court for an order to protect and quash two non-party subpoenas issued by Defendant Indian Harbor Insurance Company (Indian Harbor) on two expert witnesses Adam Warren and Olie Jolstad. As set forth below, the Court GRANTS IN PART Allegis' motion.

District courts have the discretion to quash subpoenas that violate procedural rules.[1] Allegis argues the subpoenas should be quashed because (a) the requested materials are from unrelated litigation; (b) even if relevance could be established, such discovery would be overly broad and burdensome; and (c) Indian Harbor did not comport with the service requirements.[2] The Court is not totally persuaded by these arguments.

---

[1] *See e.g.*, Fed. R. Civ. P. 45(c)(3) ("On timely motion, the issuing court must quash or modify a subpoena that : (i) fails to allow a reasonable time to comply;"); *Gulley v. Orr*, 905 F.2d 1383, 1386 (10th Cir. 1990) ("A motion to quash a subpoena is left to the sound discretion of the trial court.").

[2] *See* ECF No. 107.

Here, the fact discovery deadline in this case was April 2, 2018.[3] On June 8, 2018, Indian Harbor served notices of the two expert subpoenas to counsel for Allegis.[4] At the hearing, counsel for Allegis argued it did not have authority to accept service on behalf of the experts. After various failed attempts, the experts were finally personally served the subpoenas on June 18, 2018 and June 21, 2018, respectively.[5] The Jolstad subpoena required production of certain documentation in about 53 cases, which at the hearing counsel narrowed down to 22 cases. And the Warren subpoena required production of certain documentation in about 17 cases. Counsel for Allegis argued it was after service was made the experts retained them for the limited purpose of quashing the subpoenas.

Here, the parties have filed five short term discovery motions in the last four months.[6] Indian Harbor attempted to follow the local rules which require a party to provide notice of a subpoena to a nonparty to other parties in the lawsuit "at least five (5) days prior to service of the subpoena on the nonparty."[7] Here this five day requirement was met. The purpose of this notice requirement is to allow an opposing party the opportunity to object to or quash the subpoena before it is served on the nonparty.[8] Allegis was provided adequate notice of the nonparty subpoenas five days prior to actual service and in fact moved to quash the non-party subpoenas.

---

[3] ECF No. 41.

[4] *See* ECF No. 114.

[5] *See* ECF No. 114-1 for the Jolstad subpoena; there is no proof of service in the record for the Warren subpoena.

[6] *See* ECF Nos. 70, 73, 77, 87, and 107.

[7] DUCivR 45-1 (Five days notice must be provided for service pursuant to Federal Rule 5(b)(2)(A)).

[8] *See Butler v. Biocore Med. Tech. Inc.*, 348 F.3d 1163, 1173 (10th Cir. 2003) (concluding that the plaintiff violated Rule 45 by failing to provide a party to the lawsuit prior notice of a subpoena served on a nonparty); *Sanders v. Yellow Cab Drivers Ass'n, Inc.*, 2012 WL 464348 *3 (D.Utah) (noting the defendants failure to provide the plaintiffs with the requisite notice of subpoenas issued on a nonparty).

Thus, there was no harm or prejudice. In addition, the Court finds *Jackson v. Dollar General Store*[9] distinguishable. There the subpoena required the expert to provide the Plaintiff with reports prepared in all cases he had worked on during the span of twenty years, without any limitations.[10] Here the subpoenas at issue specified that the experts are only required to produce reports where they were retained to address "option contracts, derivatives, commodities, or future contracts in any matter."[11]

In addition, the Court finds that since it has granted Indian Harbor's extensions to respond to Allegis' motion for partial summary judgment, and fact discovery does not expire until July 20, 2018, the parties should be allowed to complete any remaining discovery including from non-parties. As such, the Court GRANTS IN PART the motion for protective order and to quash in part. Accordingly, the experts are to produce the requested documents in fifteen (15) cases each by July 25, 2018. Indian Harbor however will compensate the experts for any costs and/or fees incurred, as it offered to do during the hearing.

Finally, at the hearing held on July 2, 2018, the parties also raised an issue regarding the briefing of pending dispositive motion(s). Allegis filed a partial motion for summary judgment back in February.[12] This Court granted Indian Harbor's extensions to respond to said motion pending the completion of discovery.[13] Indian Harbor argued Allegis now claims it can no longer respond to the motion, and is concerned because it is ready to file its own dispositive motion by the July 20, 2018 deadline. At the hearing, Allegis made a different argument. It

---

[9] 2:11-cv-00726-TC-DBP, 2014 WL 540828, at *2-3 (D. Utah, Feb. 10, 2014).

[10] *Id.* at *1.

[11] *See e.g.* ECF No. 108-1 at 8.

[12] ECF No. 72.

[13] ECF Nos. 76, 93.

claims it is inappropriate for Indian Harbor to keep moving the response deadline because it is being prejudiced by the delay, because its motion is based on matters of law not fact. It also proffered that it may file a new motion for summary judgment.

Local Rule DUCivR 56-1(b)(1) states that "parties should endeavor to address all summary judgment issues in a single motion. If a party files more than one motion, the court may strike the motion and require the motions be consolidated into a single motion." Moreover, DUCivR 56-1(g) requires that motions in support and opposition to summary judgment "not exceed 10,000 words, or in the alternative, forty (40) pages." Based on the Court's prior orders, Indian Harbor may respond to Allegis' pending partial motion for summary judgment, [ECF No. 72] as well as file its own dispositive motion. However, if Allegis choses to file another dispositive motion, per the local rule the Court will strike it and require Allegis to consolidate its dispositive motions. Accordingly, to prevent further delays and litigation costs, the Court suggests the parties coordinate efforts on how to most efficiently file dispositive motions by the pending deadline.

**CONCLUSION AND ORDER**

Accordingly based upon the foregoing reasons, the Court GRANTS IN PART the Motion to Quash [ECF No. 107]. The Court also clarifies how the parties should proceed to brief the pending dispositive motion(s).

IT IS SO ORDERED.

DATED this 11 July 2018.

_____
Brooke C. Wells
United States Magistrate Judge